J-A08045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.G., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3186 EDA 2023 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000048-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.C.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.G., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3187 EDA 2023 |

Appeal from the Decree Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000300-2023

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.G., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3188 EDA 2023 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000044-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.M.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-A08045-24

:
:
:
:
APPEAL OF: M.G., FATHER                    :
:
:
:
:
:        No. 3189 EDA 2023

Appeal from the Decree Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000301-2023

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 10, 2024**

M.G. ("Father") appeals from the decrees terminating his parental rights as to his minor children, Y.C.G. and Y.M.G. ("Children"), as well as from the orders changing the goal to adoption. Father's counsel has filed an **Anders**[1] brief and a motion to withdraw as counsel. Upon review, we grant counsel's motion to withdraw, affirm the termination decrees, and dismiss the appeals from the goal-change orders as moot.

Children were born in 2021. In January 2022, the Philadelphia Department of Human Services ("DHS") obtained an order of protective custody for Children due to their mother's inadequate housing, positive drug tests, and lack of medical care for Children. N.T., 12/18/23, at 7-8.[2] Father

_____

[1] **Anders v. California**, 386 U.S. 738 (1967); **see also In re V.E.**, 611 A.2d 1267, 1275 (Pa.Super. 1992) (holding **Anders** protections apply to appeals of involuntary termination of parental rights).

[2] Children's mother voluntarily relinquished her parental rights and is not involved in this appeal. **See** N.T. at 6.

- 2 -

was living in Ohio at the time. *Id.* at 8. Children were adjudicated dependent in March 2022.

On August 10, 2023, DHS filed petitions for involuntary termination of Father's parental rights. A hearing on the petitions was held on December 18, 2023. Although Father was served with notice of the hearing, he did not appear at the hearing. *Id.* at 6.

DHS presented the testimony of caseworker Greg Williams. Williams testified that Father's single case plan objectives were to make himself known to DHS, complete parenting classes, attend supervised visits with Children, obtain housing and employment, and ensure that Children attend medical appointments. *Id.* at 10. Williams stated that DHS made outreach to Father throughout the case, but Father had not maintained contact with DHS and DHS did not know where he lived. *Id.* at 8-9, 13. Williams testified that Father has not complied with any of his objectives. *Id.* at 12-14, 22. He indicated that Father has never visited Children. *Id.* at 10-11, 22. Father also never inquired about Children or sent them cards, letters, or gifts. *Id.* at 12, 15. Williams testified that Children do not know who Father is, have never seen Father, and do not have a parent-child relationship with him. *Id.* at 11, 14-15. He opined that Children would suffer no irreparable harm if Father's parental rights were terminated. *Id.* at 14-15.

Williams further testified that Y.C.G. is placed in a medical foster home and is "thriving" in the home. *Id.* at 16. He indicated that the home is a pre-adoptive home and the foster parent meets all of Y.C.G.'s medical, physical,

emotional, and financial needs. *Id.* at 16-17. Williams stated that Y.C.G. has a "strong bond" with his foster parent and it would be in his best interest to be adopted. *Id.* at 17.

Williams testified that Y.M.G. is placed in a different medical foster home than Y.C.G. and is "thriving" in the home. *Id.* at 18-19. Williams stated that Y.M.G. is bonded to his foster parents and looks to them to meet his medical, physical, emotional, and financial needs. *Id.* at 19-20. Williams indicated that the home is a pre-adoptive home and that it would be in Y.M.G.'s best interest to be adopted. *Id.* at 19.

At the conclusion of the hearing, the court terminated Father's parental rights. *Id.* at 24-29. This appeal followed.

Counsel's *Anders* brief identifies two issues:

1. Whether the trial court abused its discretion and erred as a matter of law in terminating [Father's] parental rights under 23 Pa.C.S.A. [§] 2511(a) and (b) because the decision was not supported by competent evidence.

2. Whether the trial court abused its discretion and erred as a matter of law in changing the permanency goal to adoption because the decision was not supported by competent evidence.

*Anders* Br. at 8.

Before we consider whether the appeal is frivolous, we must first determine whether counsel has satisfied the necessary requirements for withdrawing as counsel. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported

***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to ***Anders***, counsel must: 1) "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;" 2) furnish a copy of the brief to the client; and 3) advise the client that he or she has the right to retain other counsel or proceed *pro se*. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Further, in the ***Anders*** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). If counsel meets all the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 355 n.5 (quoting ***Commonwealth v. McClendon***, 434 A.2d 1185, 1187 (Pa. 1981)).

Instantly, we find that counsel has complied with the above technical requirements. In his ***Anders*** brief, counsel has provided a summary of the

procedural and factual history of the case with citations to the record. Further, counsel's brief identifies two issues that could arguably support the appeal, as well as counsel's assessment of why the appeal is frivolous, with citations to the record. Additionally, counsel served Father with a copy of the **Anders** brief and advised him of his right to proceed *pro se* or to retain a private attorney to raise any additional points he deemed worthy of this Court's review. Motion to Withdraw, 1/26/24, at ¶ 7, Ex. A. Father has not responded to counsel's motion to withdraw. As counsel has met the technical requirements of **Anders** and **Santiago**, we will proceed to the issues counsel has identified.

The first issue raised in counsel's **Anders** brief challenges the sufficiency of the evidence supporting termination of Father's parental rights under 23 Pa.C.S.A. § 2511(a) and (b).

We review an order involuntarily terminating parental rights for an abuse of discretion. **In re G.M.S.**, 193 A.3d 395, 399 (Pa.Super. 2018). In termination cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." **In re T.S.M.**, 71 A.3d 251, 267 (Pa. 2013) (quoting **In re Adoption of S.P.**, 47 A.3d 817, 826 (Pa. 2012)). "If the factual findings have support in the record, we then determine if the trial court committed an error of law or abuse of discretion." **In re Adoption of K.C.**, 199 A.3d 470, 473 (Pa.Super. 2018). We will reverse a termination order "only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." **In re Adoption of S.P.**, 47 A.3d at 826.

A party seeking to terminate parental rights has the burden of establishing grounds for termination by clear and convincing evidence. *In re Adoption of K.C.*, 199 A.3d at 473. Clear and convincing evidence means evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *Id.* (citation omitted).

Termination of parental rights is controlled by section 2511 of the Adoption Act. *In re L.M.*, 923 A.2d 505, 511 (Pa.Super. 2007). Under this provision, the trial court must engage in a bifurcated analysis prior to terminating parental rights:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in [s]ection 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to [s]ection 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*Id.* (citations omitted). To affirm the termination of parental rights, this Court need only affirm the trial court's decision as to any one subsection of section 2511(a). *In re B.L.W.*, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*).

Here, the court found termination proper under subsections 2511(a)(1), (2), (5), and (8), as well as under section 2511(b). *See* Trial Court Opinion,

1/22/24, at 2 (unpaginated). As only one basis for termination under 2511(a) is necessary, we will focus on the court's termination of Father's parental rights under subsection 2511(a)(1). That subsection provides that a parent's rights to a child may be terminated if:

> [t]he parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

23 Pa.C.S.A. § 2511(a)(1).

Pursuant to subsection 2511(a)(1), "the moving party must produce clear and convincing evidence of conduct, sustained for at least the six months prior to the filing of the termination petition, which reveals a settled intent to relinquish parental claim to a child or a refusal or failure to perform parental duties." *In re Z.S.W.*, 946 A.2d 726, 730 (Pa.Super. 2008). A parental obligation is a "positive duty which requires affirmative performance" and "cannot be met by a merely passive interest in the development of the child." *In re C.M.S.*, 832 A.2d 457, 462 (Pa.Super. 2003) (citation omitted). Indeed,

> [p]arental duty requires that the parent act affirmatively with good faith interest and effort, and not yield to every problem, in order to maintain the parent-child relationship to the best of his or her ability, even in difficult circumstances. A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In re B.,N.M.*, 856 A.2d 847, 855 (Pa.Super. 2004) (citations omitted).

Here, the evidence was that Father has never been involved in the care of Children and Children do not even know who Father is. Father has done entirely nothing to parent Children. He did not avail himself to DHS throughout the life of the case, his whereabouts were unknown, he failed to complete any of his objectives, and he never visited Children. Father has frankly made no attempts to perform any parental duties or work toward reunification with Children. We perceive no non-frivolous basis on which to challenge the sufficiency of the evidence to support the finding under subsection 2511(a)(1).

Under section 2511(b), the trial court must consider "the developmental, physical and emotional needs and welfare of the child" to determine if termination of parental rights is in the best interest of the child. *See* 23 Pa.C.S.A. § 2511(b). This inquiry involves assessment of "[i]ntangibles such as love, comfort, security, and stability[.]" *In re C.M.S.*, 884 A.2d 1284, 1287 (Pa.Super. 2005). The court must also examine the parent-child bond, "with utmost attention to the effect on the child of permanently severing that bond." *Id.* The court must also examine any pre-adoptive home and any bond between the child and the foster parents. *In re T.S.M.*, 71 A.3d at 268.

Instantly, the court found it was in Children's best interest to terminate Father's parental rights under section 2511(b). N.T. at 29. There was sufficient testimony that Children have no relationship with Father and no parental bond with him. Conversely, there was evidence that Children are thriving and strongly bonded to their respective foster families, who are eager to adopt

them. The testimony was that Children would suffer no irreparable harm if Father's parental rights were terminated. We thus agree that the challenge to the finding under section 2511(b) is frivolous.

In sum, we find the issues raised in counsel's **Anders** brief are wholly frivolous. Further, after an independent review of the record, we conclude that no other, non-frivolous issue exists. Therefore, we grant counsel's motion to withdraw. Having determined the appeals are wholly frivolous, we affirm the decrees terminating Father's parental rights. Because we affirm the termination decrees, the appeals from the goal-change orders are moot, and any appeal would be frivolous. **See Int. of A.M.**, 256 A.3d 1263, 1272-73 (Pa.Super. 2021) (finding issues regarding goal change moot in light of termination of parental rights); **see also In re D.K.W.**, 415 A.2d 69, 73 (Pa. 1980) (stating once parental rights are terminated, issues of custody and dependency under Juvenile Act are moot). We therefore dismiss those appeals.

Motion to withdraw as counsel granted. Decrees affirmed at Nos. 3187 EDA 2023 and 3189 EDA 2023. Appeals dismissed at Nos. 3186 EDA 2023 and 3188 EDA 2023.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2024